UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

WILLIAM TRAVIS CONWAY, an individual, and on behalf of himself and all persons similarly situated,

          Plaintiff,

   v.

INTERCARE HOLDINGS, INC., a corporation, et al.,

          Defendants.

No. 2:26-cv-1496 WBS AC

MEMORANDUM AND ORDER RE: PLAINTIFF'S MOTION TO REMAND AND DEFENDANTS' MOTION TO COMPEL ARBITRATION

----oo0oo----

Plaintiff William Travis Conway brought this putative wage-and-hour class action in the Superior Court for the County of Placer, asserting various claims under the California Labor Code and California's Unfair Competition Law. (First Amended Compl. ("FAC") (Docket No. 1-1) at 52.) Defendants then removed the action to this court pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). (Docket No. 1 at 2.) Plaintiff now moves to remand (Docket No. 12), and defendants

1

move to compel arbitration.  (Docket No. 14.)

I.    Plaintiff's Motion to Remand

"CAFA gives federal courts jurisdiction over certain class actions, defined in § 1332(d)(1), if the class has more than 100 members, the parties are minimally diverse, and the amount in controversy exceeds $5 million."  Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 84-85 (2014).  Plaintiff asserts that defendant's notice of removal fails to satisfy the amount in controversy requirement because defendants' estimates are based on "unreasonable assumptions."  (Docket 12-1 at 5.)

"When a CAFA defendant removes a class action to federal court, its notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  Perez v. Rose Hills Co., 131 F. 4th 804, 808 (9th Cir. 2025).  If the plaintiff challenges the alleged amount, defendant is required to present evidence supporting its calculation; however, "the defendant is permitted to rely on a chain of reasoning that includes assumptions to calculate the amount in controversy."  Id. at 808 (internal citations and quotation marks omitted.)  Such assumptions "cannot be pulled from thin air," but may be "founded on the allegations in the complaint."  Id. (citation omitted).

Defendants estimate the total amount in controversy as $8,259,248.00, broken down as follows:  $1,554,960.00 for plaintiff's meal period claim, $1,554,960.00 for plaintiff's rest period claim, $2,332,440.00 for plaintiff's overtime claim, $787,000.00 for plaintiff's wage statement claim, and

2

$2,029,188.00 for plaintiff's waiting time penalties claim. (Docket No. 1 at 18.)

In calculating the amount in controversy for plaintiff's meal period and rest period claims, defendants assumed one violation per week.  (Id. at 6-9.)  This assumption was based on repeated allegations in plaintiff's FAC that defendants failed to provide meal and rest period breaks "as a matter of company policy, practice and procedure."  (FAC ¶¶ 17, 36.)  To support their calculations, defendants submitted a declaration by their payroll manager indicating the number of non-exempt employees during the class period, the number of workweeks in the class period, and the average hourly rate for non-exempt employees; these figures were based on payroll and timekeeping data.  (Watts Decl. (Docket No. 2) at 2-6.)

Defendants took a similar approach in calculating plaintiff's overtime claim:  they assumed one hour of unpaid overtime per employee each workweek based on plaintiff's allegation that defendants "elected . . . not to pay employees for their labor as a matter of company policy, practice and procedure."  (FAC ¶¶ 17, 86, 92.)  Defendants' calculation for this claim was again supported by payroll and timekeeping data, as set forth in their payroll manager's declaration.  (Watts Decl. ¶ 10.)

Defendants' assumptions have been held by many courts to be reasonable when a complaint alleges a "policy and practice" of labor violations.  See, e.g., Garza v. Brinderson Constructors, Inc., 178 F. Supp. 3d 906, 912 (N.D. Cal. 2016) (where complaint alleged "policy or practice," the "assumption of

one violation per week [wa]s reasonable"); Parker v. Dean Transportation, Inc., No. 13-cv-2621 BRO VBKX, 2013 WL 12091841, at *7 (C.D. Cal. June 26, 2013) (one violation per week reasonable when "complaint alleges a policy or practice" and defendants provide evidence in declaration); Jasso v. Money Mart Exp., Inc., No. 11-cv-5500 YGR, 2012 WL 699465, at *5 (N.D. Cal. Mar. 1, 2012) (same); Sanchez v. Abbott Lab'ys, No. 2:20-CV-01436-TLN-AC, 2021 WL 2679057, at *4 (E.D. Cal. June 30, 2021) ("[C]ourts in the Ninth Circuit have frequently held a violation rate between 20% and 60% to be reasonable when the plaintiff claims a 'pattern and practice' of violations." (collecting cases)). The Ninth Circuit has also observed that allegations of a "pattern or practice . . . may or may not" support an assumed violation rate of 100%. Arias v. Residence Inn by Marriott, 936 F. 3d 920, 925 (9th Cir. 2019).

Plaintiff contends that defendants' assumptions are unreasonable because defendants have not provided evidence supporting "the actual violation rate, the actual number of shifts worked by the class, the actual number of full time employees, and the actual number of shifts worked at least eight hours." (Docket No. 9.) But defendants are not held to such a high standard at this juncture because "it makes little sense to require a CAFA defendant to introduce evidence of the violation rate . . . the defendant likely believes that the real rate is zero and thus that the evidence does not exist." Perez, 131 F. 4th at 809. This is why courts routinely permit defendants to "ascertain the violation rate by looking at plaintiff's complaint," and to calculate amounts based thereon. Id.

Plaintiff's occasional use of language such as "from time to time" or "at times" does not defeat the reasonableness of defendants' assumption.  (See Docket No. 12-1 at 12.)  Such language "could support a lower violation rate as easily as it could support the violation rate that [defendant] assumed, [b]ut that does not automatically render the rate assumed by [defendant] unreasonable."  Perez, 131 F. 4th at 810.  Moreover, plaintiff was free to "constrain[] the range of assumptions" that defendant "could reasonably adopt" through more specific language in the complaint and declined to do so.  Id.

Defendants' estimated amount in controversy for the meal period, rest period, and overtime claims totals $5,442,360, which satisfies the jurisdictional threshold.  That being the case, "the court need not consider the parties' arguments regarding the amount in controversy as to [plaintiff's] remaining claims."  Flores, 2026 WL 604443, at *4.

Because defendant has satisfied CAFA's amount in controversy requirement, plaintiff's motion to remand will be denied.

II.  Defendant's Motion to Compel Arbitration

Defendant has also moved to compel arbitration, which plaintiff opposes on the grounds that the agreement at issue is unconscionable.  "Unconscionability has both a 'procedural' and a 'substantive' element," Armendariz v. Found. Health Psychcare Servs., 24 Cal. 4th 83, 114 (2000), and "[b]oth [must] be present in order for a court to exercise its discretion to refuse to enforce a contract or clause under the doctrine of unconscionability."  Id.  "Procedural unconscionability focuses

on oppression or unfair surprise; substantive unconscionability focuses on overly harsh or one-sided terms." Flores v. Freedom Mortg. Corp., No. 2:24-CV-03981 ODW MARX, 2024 WL 5713605, at *6 (C.D. Cal. Nov. 1, 2024). Procedural and substantive unconscionability are assessed on a sliding scale, whereby "the more substantively oppressive the contract term, the less evidence of procedural unconscionability is required . . . and vice versa." Armendariz, 24 Cal. 4th at 114.[1]

A.   Procedural Unconscionability

Plaintiff argues the agreement is procedurally unconscionable because it was presented to plaintiff as a condition of employment and was therefore a contract of adhesion, that the agreement is "legally complex and difficult to understand," and that "defendants have failed to present any evidence that Plaintiff had an attorney present." (Docket No. 17 at 10-12.) The court is not persuaded.

It is well-established that "a contract of adhesion is not per se unconscionable," Lim v. TForce Logistics, LLC, 8 F. 4th 992, 1000 (9th Cir. 2021), and that such contracts, without more, only "establish[] a minimal degree of procedural unconscionability." Aguilar v. Ross Stores, Inc., No. 20-cv-5670 JSW, 2021 WL 12347207, at *6 (N.D. Cal. Sept. 30, 2021). If a contract is adhesive, courts look to other factors to assess unconscionability, such as the time provided to consider the contract, pressure exerted by the contract drafter to sign, the contract's length and complexity, the sophistication of the

---

[1]   The parties agree that California law applies to the agreement.

6

signing party, and whether the signing party was aided by an attorney. Perez v. PeopleReady, Inc., No. 25-CV-04610-AMO, 2026 WL 638555, at *3 (N.D. Cal. Mar. 6, 2026).

The arbitration agreement is three pages long, and its key provisions are conspicuous. (See Docket No. 14-3 at 2-4.) The top of the agreement reads, in bold and capitalized letters, "BINDING ARBITRATION AGREEMENT," and the agreement ends, again in bold and capitalized letters, "EMPLOYEE HAS READ, UNDERSTOOD, AND AGREES." (Id.) The agreement uses 12-point Times New Roman font and is written in plain English. (Id.) There is no indication that the agreement was intended to be dense or difficult to understand, and its key provisions are not "hidden within a prolix printed form." Hasty v. Am. Auto. Assn. etc., 98 Cal. App. 5th 1041, 1055 (2023). Moreover, plaintiff's mere assertion that "he did not seek the advice of counsel," without any evidence that "he was prevented from doing so or otherwise could not have done so," fails to support a finding of unconscionability. Fleming v. Weather Shield Mfg., Inc., No. 18-cv-0589 GW KKX, 2018 WL 6010365, at *5 (C.D. Cal. May 14, 2018).

Because the agreement is a simple contract of adhesion without any other concerning circumstances, the agreement presents a very low degree of procedural unconscionability. That being the case, "only a high degree of substantive unconscionability [will] render the agreement unconscionable" as a whole. Alberto v. Cambrian Homecare, 91 Cal. App. 5th 482, 490 (2023).

B.    Substantive Unconscionability

Plaintiff makes several arguments as to why the

7

agreement is substantively unconscionable:  (1) the agreement's scope is overbroad, (2) the agreement provides nonmutual benefits to third parties, (3) the agreement contains an overbroad jury waiver, (4) the agreement contains a Private Attorneys General Act ("PAGA") waiver, and (5) the agreement is tainted by a separate confidentiality statement.  (Docket No. 17 at 12-20.)

For his first argument plaintiff relies on Cook v. Univ. of S. California, 102 Cal. App. 5th 312, 329-30 (2024), for the proposition that an arbitration agreement applying to all claims "whether or not arising out of" the parties' employment relationship is unconscionably overbroad.  However, unlike the agreement in Cook, the agreement here does not apply to claims "whether or not" related to employment.  It rather limits arbitrable claims to those "that may arise out of or relate to the employment relationship between Employee and the Company . . . or other association with or termination by the Company."  (Docket No. 2 at 4.)  The Cook court expressly countenanced such agreements because they did not govern the adjudication of non-employment-related claims.  102 Cal. App. 5th at 324 (affirming conscionability where agreement applied to claims "arising from, related to, or having any relationship or connection whatsoever with my seeking employment with, employment by, or other association with, the Company").

Plaintiff's second argument correctly notes that arbitration agreements which "provide benefits" to "third party beneficiaries" may be unconscionable if such benefits are "one-sided."  Id. at 348.  However, the agreement here plainly provides that arbitration applies to both the employee and "the

8

Company (or [its affiliates])."  (Docket No. 14-3 at 2.)  The agreement nowhere suggests that only the employee must arbitrate his claims, or that the company's affiliates are exempt from arbitration.

Plaintiff's challenge to the agreement's jury waiver is likewise overstated.  A jury trial waiver is "[i]nherent in an arbitration agreement," Jaramillo v. JH Real Estate Partners, Inc., 111 Cal. App. 4th 394, 401 (2003), and a jury waiver provision will only be substantively unconscionable if it "requires plaintiffs to waive in advance their right to a jury trial for any dispute for which arbitration is not allowed by law," Dougherty v. Roseville Heritage Partners, 47 Cal. App. 5th 93, 107 (2020).  The agreement here merely states that plaintiff waives his "right to a trial by jury" in connection with his "agree[ment] to this binding arbitration agreement."  (Docket No. 14-3 at 4.)  There is nothing in the agreement expressly waiving plaintiff's right to a jury trial for disputes rendered non-arbitrable by law.

Defendants concede that the agreement contains a blanket waiver of representative PAGA claims, which "is no longer enforceable" following Viking River Cruises, Inc. v. Moriana, 596 U.S. 639 (2022), but asserts the waiver can be severed in accordance with the agreement's severability clause, and that doing so would not adversely impact the action because plaintiff does not bring PAGA claims.  (Docket No. 19 at 12.)

The court agrees with defendant.  There is "a strong legislative and judicial preference . . . to sever[] offending term[s] and enforce the balance of [an] agreement," Ramirez v.

Charter Commc'ns, Inc., 16 Cal. 5th 478, 522 (2024), and PAGA waivers are routinely severed when an agreement contains a severability clause and is otherwise enforceable. See, e.g., Mohamed v. Uber Techs. Inc., 848 F.3d 1201, 1214 (9th Cir. 2016) (severing an unenforceable PAGA waiver in accordance with severability clause); Smith v. Patina Restaurant Group, LLC, No. 19-cv-4441 GW RAOX, 2019 WL 6434697, at *6 (C.D. Cal. Aug. 20, 2019) (same).  The court will accordingly sever the PAGA waiver.

Finally, plaintiff argues that a separate confidentiality acknowledgment, which contains a provision allowing defendants to seek injunctive relief without a requirement of bond or proof of damages, renders the agreement substantively unconscionable because it "exclusively benefits Defendants."  (Docket No. 17 at 18-19.)

The court disagrees.  Disputes arising from the acknowledgement are covered by the arbitration agreement, which expressly applies to claims involving "misappropriation of proprietary or trade secret information."  (Docket No. 14-3 at 2.)  The acknowledgment thus does not unilaterally exempt defendants' claims from arbitration when read "in harmony" with the agreement.  Santana v. Studebaker Health Care Center, LLC, 120 Cal. App. 5th 1, 23 (2026).  This reading is consistent with recent authority rejecting unconscionability challenges based on similar confidentiality provisions where the arbitration agreement covered confidentiality-related claims.  See Arely Cedillo v. Artech Information Sys., LLC, No. 25-cv-9241 AH (JCx), 2026 WL 974280, at *7 (C.D. Cal. Mar. 19, 2026); Santana, 120 Cal. App. 5th at 23 (rejecting non-mutuality challenge to

10

confidentiality acknowledgement because it fell within arbitration agreement).

While the procedural exemptions in the provision may provide some nonmutual advantage to defendants, it has been recognized that some one-sidedness in this context is justified by the "legitimate commercial need to protect . . . valuable trade secrets and[] confidential information." Baltazar v. Forever 21, Inc., 62 Cal. 4th 1237, 1250 (2016).

Because the degrees of both procedural and substantive unconscionability of the arbitration agreement are low, the agreement is enforceable, and defendants' motion to compel arbitration will be granted.

IT IS THEREFORE ORDERED that plaintiff's motion to remand (Docket No. 12) be, and the same hereby is, DENIED.  IT IS FURTHER ORDERED that defendants' motion to compel arbitration (Docket No. 14) be, and the same hereby is, GRANTED.  This case is STAYED pending arbitration.

The Clerk shall close this file administratively, subject to it being reopened upon the application of either party after arbitration has been fully completed.

Dated:  June 22, 2026

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

11